5203.

(Court of Appeal, Parish of Orleans).

## JOHN HOLLAND GOLD PEN CO. vs. ROBBERT OPTI- CAL COMPANY.

The seller is bound to explain himself clearly respecting the extent of his obligations: any obscure or ambiguous clause is construed against him.

Appeal from the Civil District Court, Division "A."

Rice & Montogmery, for plaintiff and appellant.

E. M. Robbert, for defendant and appellee.

GODCHAUX, J.—Plaintiff, a manufacturer and wholesaler, sues for the price of certain merchandise alleged to have been sold and delivered to defendant, a retailer, and the latter claims that the merchandise was delivered under an agreement which stipulated that should the venture, that is, the re-sale of plaintiff's goods by defendant, prove unsuccessful after a reasonable time, the defendant could return to plaintiff for credit the merchandise remaining unsold. It appears that the venture did not prove successful after a reasonable trial; that defendant returned the goods unsold and that plaintiff refused to accept a return.

The whole case turns upon the question of whether or not the agreement contained the stipulation contended for by defendant and the solution of this question depends upon the proper interpretation of the correspondence which passed between the parties at the time the transaction was entered into.

Plaintiff's main witness, examined by commission, was asked to attach to his deposition the letters aforesaid evidencing the transaction. He attached what pur-

ported to be copies of certain letters addressed to defendant, among them being one, the original of which contained a particular clause upon which defendant, to plaintiff's knowledge, relied to establish its defense. This clause was omitted from the copy thus furnished and though a commission subsequently issued for the purpose of explaining this palpable omission, the witness contented himself with the remark that he did not consider the omitted clause material to the controversy, when the fact is that he was fully advised to the contrary.

The meaning of this clause, contained in a letter addressed by plaintiff to defendant, is the crucial question before us, and while it is not free from ambiguity, its language fairly expresses the interpretation which defendant contends for and apparently acted upon throughout. While the very fact that plaintiff deliberately attempted to conceal the existence of this clause would support the presumption that its meaning was not favorable to its case, there are other facts in the record which support defendant's interpretation; such, for instance as the fact that no date of payment for the merchandise was fixed, nor any demand of payment made until the goods had actually been returned by defendant. The true relation of the parties seems to be that defendant was to sell plaintiff's goods on commission, being charged with the price of the goods sent him for that purpose, and with the right to return what remained unsold should the venture after a reasonable time prove unsuccessful. In fact plaintiff's original letter in September refers to defendant's proposal to "undertake the sale" and subsequent correspondence confirms this view.

Moreover all ambiguity must be resolved against the seller who is bound to express himself clearly as to the extent of his obligations.

Revised Civil Code 2474.

The lower court dismissed the suit and, in the absence of proof of the true condition of accounts between the parties, relegated them to a separate suit for an accounting.

This was the proper disposition of the cause and the judgment is accordingly affirmed.

February 20, 1911.

———o———

5200.

(Court of Appeal, Parish of Orleans.)